UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-252-FB (HJB) |
| U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, | § § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court is the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.  For the reasons below, I recommend that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

In IFP cases like this one, § 1915 requires that the court "dismiss the case at any time" if it determines that it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court is "vested with especially broad discretion" in making this determination.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  To state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts have "limited jurisdiction" and "possess only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* FED. R. CIV. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Complaints filed by *pro se* litigants, "however inartfully pleaded," are entitled to a liberal construction and are therefore "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). But even under these lenient standards, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In his complaint, Plaintiff alleges that he is disabled and has been treated unfairly by a state judge and probation officer while serving a probation term imposed by the Bexar County courts. (Docket Entry 1-1, at 2.) He states that he complained about his mistreatment to the Defendant Department of Justice, Civil Rights Division, but that the Department failed to investigate his claims. (*Id*.) Plaintiff asserts violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and violations of the Eighth and Fourteenth Amendments. (*Id*. at 3.) He seeks $1 million in compensatory relief as well as injunctive relief, declaratory judgment, and expungement of his criminal record. (*Id.* at 3–4.) Plaintiff's claims are similar to those made in *Garces v. Garland, et al*., SA-25-CV-128-FB (HJB), one of twelve *pro se* lawsuits Plaintiff has filed in the San Antonio Division so far this year.[1]

---

[1] *See Garces v. Hernandez, et al.,* SA-25-CV-81-JKP; *Garces v. Hernandez*, SA-25-CV-82-FB; *Garces v. City of San Antonio, et al.,* SA-25-CV-127-FB; *Garces v. Garland, et al*., SA-25-CV-128-FB; *Garces v. Mohammed*, SA-25-CV-141-JKP (ESC); *Garces v. United Health Care, et al.,* SA-25-CV-256-FB (RBF); *Garces v. Hernandez*, SA-25-CV-313-XR; *Garces v. Ruiz, et al.*, SA-25-CV-339-JKP (HJB); *Garces v. San Antonio Police Department*, SA-25-CV-388-FB (HJB); *Garcia v. Rossbach, et al.*, SA-25-CV-441-JKP (HJB); *Garces v. Contreras et al*., SA-25-

Plaintiff's complaint does not state a valid claim for relief. His cause of action against the Department of Justice for failing to investigate his purported ADA or constitutional claims fails for lack of jurisdiction: federal courts generally do not resolve claims that the Executive Branch failed to prosecute an action in either the civil or criminal context, and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981); *see, e.g., United States v, Tex.*, 599 U.S. 670, 678–79 (2023) (immigration enforcement); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (agency action); *Linda R.S., v. Richard D.*, 410 U.S. 614, 616, 619 (1973) (district attorney declining prosecution). As for Plaintiff's constitutional claims, they apparently are not directed at the Department, but at the state judge and probation officer, who are not named as Defendants in this case.[2] (*See* Docket Entry 1-1, at 1, 3.)

As a *pro se* litigant, Plaintiff was provided an opportunity to amend his complaint in order to state a claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). The undersigned required him to show cause why his case should not be dismissed by filing an amended complaint stating a plausible, non-frivolous claim for relief. (Docket Entry 3.) Plaintiff was specifically admonished that failure to file the amended complaint as ordered, and thereby cure the deficiencies in his original complaint, could result in dismissal without further opportunity to amend. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("[L]eave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'") (citation omitted); *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. Aug. 26, 2008) ("[A] plaintiff asserts [his] best case after the plaintiff is 'apprised of

---

CV-539-OLG (ESC).

[2] The judge and probation officer were named as defendants in another of Plaintiff's cases, which was dismissed on other grounds by the District Court. *See Garces v. Garland, et al.*, SA-25-CV-128-FB (Docket Entry 14) (W. D. Tex. Apr. 29, 2024).

3

the insufficiency' of the complaint.") (citation omitted).  Plaintiff did not respond to the Show Cause Order; accordingly, dismissal is appropriate.

Based on the foregoing, I recommend that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."  *Williams v. Lakeview Loan Servicing LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    **SIGNED** on May 30, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge
