UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES,

    *Plaintiff*,

v.                                                           Case No. SA-25-CV-0252-JKP

U.S. DEPARTMENT OF JUSTICE, CIVIL
RIGHTS DIVISION,

    *Defendant*.

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge ("R&R") filed May 30, 2024, (ECF No. 9). The Magistrate Judge recommends that the Court dismiss this action under 28 U.S.C. § 1915(e).

By Show Cause Order (ECF No. 3), the Magistrate Judge informed Plaintiff that (1) his "claims are ostensibly identical to claims he made in *Garces v. Garland, et al.*, SA-25-CV-128-FB (HJB)" and (2) his "complaint does not state a valid claim for relief" and his claims against the Department of Justice fail because private citizens lack "a judicially cognizable interest in the prosecution of or nonprosecution of another" and his constitutional claims appear directed to individuals already sued in an earlier case on the same facts. The Magistrate Judge thus ordered Plaintiff to show cause why the Court should not dismiss his case and stated that Plaintiff could satisfy "his burden by filing an amended complaint by **April 28, 2025**, stating a plausible, non-frivolous claim for relief and addressing the issues set out" in the show cause order.

Plaintiff made no attempt to satisfy the show cause requirements. He has filed no amended complaint. Almost two months after the Magistrate Judge issued the show cause order, the Magistrate Judge issued his R&R on May 30, 2025. The Magistrate Judge provided instructions

for service and notified Plaintiff of his right to object. The notice informed Plaintiff that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a *de novo* determination by the District Court."

On June 20, 2025, this case was reassigned to the undersigned after the prior presiding District Judge recused from the case. That same day, Plaintiff moved for the recusal of the Magistrate Judge, *see* ECF No. 13, and filed untimely objections to the R&R, *see* ECF No. 14. Courts may treat untimely objections the same as filing no objections. *Morris v. Temple Indep. Sch. Dist.*, No. 23-50173, 2023 WL 5919326, at *1 (5th Cir. Sept. 11, 2023) (per curiam). Plaintiff makes no attempt to explain the untimeliness of his objections, and the Court declines to consider them.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). As discussed at length by the Supreme Court long ago, the failure to object can affect district court review and present a waiver at the appellate level. *See*, *generally*, *Thomas v. Arn*, 474 U.S. 140 (1985). Under Fifth Circuit precedent, a failure to file objections precludes appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015). Similarly, a district court may also review an R&R merely for plain error when no objection has been raised against it. *See*, *e.g.*, *Crawford v. San Marcos Consol. Indep. Sch. Dist.*, 637 F. App'x 808, 810 (5th Cir. 2016) (per curiam). When no objection has been asserted, the overarching principle of *Thomas* places the level of review within the sound discretion of the district court. *See* 474 U.S. at 142-53.

"Because Plaintiff has not timely objected to the Recommendation, the Court need not conduct a de novo review." *Brady v. D.A. Intake, #24097633*, No. SA-25-CV-00278-XR, 2025

2

WL 1618155, at *1 (W.D. Tex. June 5, 2025) (citing 28 U.S.C. § 636(b)(1)). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. This case is clearly subject to dismissal under 28 U.S.C. § 1915(e). Plaintiff's claim against the Department of Justice ("DOJ") is premised only on the agency's responsibility for enforcing federal statutes and regulations that prohibit discrimination. *See* Compl. (ECF No. 4) ¶ 4. He alleges that on July 17, 2024, he informed DOJ of the alleged violations of Judge Huff and was informed that the DOJ is unable to take direct action on every report. *Id*. ¶¶ 9–10. He claims the DOJ violated the Americans with Disabilities Act of 1990 ("ADA") through the failure to investigate. *Id*. ¶¶ 10, 12. As stated by the Magistrate Judge, Plaintiff has stated no basis under the ADA to sue the DOJ for failing to investigate.

In an analogous context, courts have found that "[t]he case law is clear and overwhelmingly in support of the view that plaintiff has no claim under any legal theory against the EEOC in connection with the agency's investigation, disposition, enforcement or administration of Title VII or other antidiscrimination laws." *Simien v. EEOC*, No. CIV.A. 08-4978, 2009 WL 799982, at *2 (E.D. La. Mar. 24, 2009) (citing, *inter alia*, *Newsome v. EEOC*, 301 F.3d 227, 231–32 (5th

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas*, 474 U.S. at 150-53; *Wilson*, 864 F.2d at 1221.

Cir. 2002)). While *Simien* does not involve the DOJ, it does address an alleged failure to enforce the ADA. The Court finds its analysis and conclusions equally applicable in this case against the DOJ.

The Court has given Plaintiff an opportunity to amend his complaint, and he has failed to do so. His only claim against the DOJ is brought under the ADA, and that claim fails to state a claim upon which relief can be granted. It is thus subject to dismissal under 28 U.S.C. § 1915(e). Furthermore, any claims against Judge Yolanda Huff or Officer Jason Wolf are subject to dismissal as duplicative or malicious because Plaintiff sued them in a prior case on the same or similar facts. *See Mendives ex rel. R.C.M. v. Bexar Cnty.*, No. SA-21-CV-0356-JKP, 2021 WL 4705175, at *2 (W.D. Tex. Oct. 8, 2021).

Finding no clear error on the face of the record, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 9). As recommended, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It **MOOTS** the motion for recusal (ECF No. 13) and will issue an appropriate final judgment by separate filing.

**IT IS SO ORDERED** this 24th day of June 2025.

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**